# SUPREME COURT.

## CHARLES A. CLEGG agt. THE AMERICAN NEWSPAPER UNION and others.

*Res adjudicata — Condition precedent — Performance — Tender — Waiver — Modified or supplemental contract essentially variant from the original — Insufficiency of complaint.*

*Res adjudicata* has no proper application on demurrer to an amended complaint where the amendment is material and the pleading essentially different by reason of the amendment. Such amendment relieves the question from being *res adjudicata*, and the complaint is tested as to its sufficiency or insufficiency by the rules of pleading otherwise applicable.

Where a complaint, based upon an alleged agreement between plaintiff and defendants, omitted to set out the agreement in full, was held good on demurrer at first, but afterwards the complaint was amended voluntarily, giving the agreement in full, and the portion of the agreement omitted in the original complaint and included in the amended complaint, consists of a condition precedent to be performed by plaintiff before any obligation of defendants arises, and the complaint so amended fails to allege performance of such condition precedent, or tender or waiver of performance:

*Held,* the objection based upon the absence of an averment of the performance of the condition precedent is well taken; and *res adjudicata*, though it might have been available to defendants in answer to a demurrer had the amended complaint been based upon the contract as originally set forth, is not available as the complaint stands by reason of the presence of the precedent condition not shown to have been performed.

*Special Trial Term, May,* 1880.

THIS action is brought by Charles A. Clegg against eleven defendants, six natural persons and five corporations.

The complaint alleges that plaintiff is an advertising agent in the city of New York; that defendants are, and were during a time specified, associated together as printers and publishers of newspapers; that, May 3, 1876, an agreement was made and entered into by and between plaintiff and the defendants, other than defendants Beals, Foster and Rowell,

and in which the latter defendants afterwards became jointly interested with the others; that differences and disputes having arisen between the parties to this agreement a further, other and supplemental agreement was entered into August 1, 1876, between the plaintiff on the one part and A. J. Aikens representing the defendants on the other part. This latter agreement is in the form of a written proposition submitted by plaintiff to Mr. Aikens for his acceptance. The terms and conditions of the new agreement first proposed are those to be performed by himself and in these words: "I hereby agree to carry out the contract for $50,000 (gross) worth of space made with you in the American Newspaper Union lists, May 3, 1876, by paying $1,000 cash and giving my seven notes for the balance," &c., "on your agreeing to carry out the following," &c. To the terms of the new agreement, as proposed by plaintiff, defendants assented, as the complaint shows, by and through the written acceptance of Mr. Aikens acting for them in the premises. The $1,000 cash was never paid, so far as the complaint shows, nor is there any averment in the complaint that the seven notes were ever given as provided. The complaint does not allege any offer or tender of either the cash or the notes.

The original contract was for $50,000, but the payments made on account of it aggregate only $14,790.19, and, as the complaint indicates, this was all paid by plaintiff in advance and before the supplemental agreement.

Plaintiff bases his action upon an alleged refusal by defendants to perform their part of the agreement. The only assignment of breach in the complaint is as follows: (1.) "The said defendants wrongfully and fraudulently refused further to print," &c. (2.) "And did then and there notify the plaintiff of such refusal." (3.) "That defendants did then and there break the said agreements." (4.) "Defendants then and there admitting that they had not kept but had broken the said agreement."

The relief demanded is $50,000 as damages. The allega-

tions of damages are, in general language, as follows: "That by reason of the wrongful and fraudulent conduct of the defendants in the premises, their violation and breach of their said agreements and undertakings with this plaintiff the plaintiff has sustained damages to the amount of fifty thousand dollars ($50,000)."

Defendants demur to the complaint on the ground of insufficiency; that the complaint has been amended since the demurrer of March, 1879, and that the present amended complaint differs from it in that a paper at first set forth only in part is now set forth in full the plaintiff concedes; that such paper is the supplemental agreement upon which plaintiff bases his action is apparent from the present amended complaint; that a portion of the supplemental agreement omitted in the first amended complaint and inserted in the second amended complaint is the identical precedent condition upon which defendants make their first point is obvious from reference thereto.

The first amended complaint differs from the second amended complaint in other respects to a large extent.

In support of the demurrer,

*Chauncey B. Ripley*, attorney for George P. Rowell.

*Edward C. Ripley*, attorney for The New York Newspaper Union and others.

*Joseph S. Auerbach*, attorney for defendants Cramer.

*John K. Porter*, of counsel, for all the defendants, urged:

I. There is no averment in the complaint that plaintiff paid the money and gave the notes required by the supplemental agreement of August 1, 1876. The absence of such averment is fatal to the supposed cause of action. The paying of such money and the giving of such notes constituted a condition precedent, to be performed by plaintiff before any obligation arose in his favor. Performance on his own part not

appearing affirmatively on the face of the complaint, it discloses no cause of action and is bad on demurrer for want of substance (*Dunham* agt. *Pettee*, 8 *N. Y.*, 508; *Van Schaick* agt. *Winne*, 16 *Barb.*, *p.* 94).

II. The allegation of readiness and willingness to perform does not cure the defect. A further averment of an offer or tender of performance is requisite, otherwise the pleading is insufficient and bad on demurrer. (1.) This is so upon principle, for however ready and willing plaintiff may have been to perform his part of the agreement it could in no way affect defendants to their prejudice unless such readiness and willingness were made known to them by an offer of performance. For aught that appears defendants were wholly ignorant of such readiness and willingness. (2.) It is so, too, by authority; it has been expressly adjudicated that an averment that a party was ready and willing is not enough, even though performance was not required of him. It must be shown that an offer had been made or the complaint is demurrable (*Van Schaick* agt. *Winne*, 16 *Barb.*, *p.* 94; *McIntyre* agt. *Clark*, 7 *Wend.*, 330).

III. No damage is shown by averment of facts; nothing but legal conclusions. A pleading is ill on demurrer, when founded on a claim for damages, if it avers nothing but the pleader's own inferences and conclusions. (1.) Such vague generalities as "has been greatly damaged" "has sustained damages to the amount of," &c., are not issuable matter but conclusions of law merely. They do not enable the court to say that the plaintiff has sustained damage (*Allen* agt. *Gould*, 1 *Wend.*, 182). (2.) Facts must be pleaded from which damages may appear to have arisen, such as, for example, that the work was not done; that some specific customer neglected to pay; that certain business was lost. The averments of the complaint involve no question of fact (*Van Schaick* agt. *Winne*, 16 *Barb.*, *p.* 95).

IV. There is no assignment of breach such as good pleading requires, the complaint, therefore, is fatally defective in

that respect. (1.) A good assignment of breach is essential on demurrer (*Comyn's Dig., Pleader, C.* 44). The breach must distinctly appear by express words or by necessary implication, and the facts must justify it (*Schenck* agt. *Naylor*, 2 *Duer*, 675). (2.) The averment "that defendants did then and there break the said agreements" is no assignment of breach under the rules of pleading. A denial of it would raise no issue; it admits of no evidence; it would not support a verdict or a judgment; it is a conclusion of law, a mere nullity (*Van Schaick* agt. *Winne, supra, p.* 95). (3.) So the averment, "defendants then and there admitting that they had not kept but had broken their said agreement" is matter merely evidentiary and insufficient on demurrer (*Mills* agt. *Gould*, 1 *Abb. N. Cas.*, 97). "The issuable facts in a legal action, and the facts material to relief in an equitable suit, should be stated to the complete exclusion of the law and the evidence (*Pomeroy's Rems., p.* 556, *sec.* 529; *id., secs.* 526, 527; *Steph. on Pl.*, 310). (4.) The refusal alleged is not operative as a breach for the several independent reasons following: *First.* There is nothing to show that any work was due when the refusal was uttered, that the time for performance had actually arrived. To render a refusal effectual as a breach the time must actually have arrived and passed so that there remains no *locus penitentiæ.* It is only when the day for performance has passed that an action can be maintained in our state. Until this happens no legal right has been violated; such is the well-established rule (*Traver* agt. *Halstead*, 23 *Wend.*, 70 [71]; *Mills* agt. *Gould*, 1 *Abb. N. Cas., p.* 97). *Second.* It must be shown that something was actually withheld, that there was damage (*Id.*). *Third.* It does not appear affirmatively, as the cases require, that the refusal was addressed to anyone who had a right to demand or accept performance. It should appear, upon the face of the plaintiff's complaint, that the refusal was addressed to plaintiff or to his authorized representative, otherwise it was a nullity and the cases so hold (*Traver* agt. *Halstead*, 23 *Wend., p.* 70; *Mills* agt. *Gould*, 1

*Abb. N. Cas.*, 97). The breach of a contract, like the contract itself, must be *inter partes*; a stranger cannot participate (*Pars. on Conts.*, *vol.* 1 [*5th ed.*], *p.* 8). *Fourth.* The averment that plaintiff was notified of such refusal is conclusive evidence that the refusal itself was addressed to some person other than the plaintiff (*Traver* agt. *Halstead*, 23 *Wend.*, *pp.* 69, 70). *Fifth.* If the refusal itself was a nullity it follows necessarily that any notice of it must be without legal force for a nullity furnishes no basis for any legal proceeding (*McNamara on Nullities*, *p.* 6 [1]).

V. *Res adjudicata* has no proper application. Defendants are not concluded by the decision referred to, because it appears affirmatively that the complaint now demurred to is amended by the insertion of a precedent condition not contained in the former pleading; and the first point taken is that there is no averment of performance of that condition by plaintiff. The fact that plaintiff was to perform the condition referred to was not present in the complaint upon which the order of March, 1879, was made. It does not appear that the points now raised are the same points raised on the previous demurrer. (1.) The doctrine of *res adjudicata* applies only to a judgment already pronounced on the same facts. A party is concluded by a former adjudication only as to the points covered by the former decision. If the facts passed upon by the former judgment differ, *res adjudicata* has no application (*Goddard* agt. *Benson*, 15 *Abb. Pr.*, 191). (2.) To render a former adjudication a bar it must appear affirmatively that such adjudication was between the same parties as well as upon the same subject-matter. So held on demurrer (*Goddard* agt. *Benson*, *supra*).

VI. The assertion in plaintiff's second point that " the complaint states a good cause of action — that no better cause of action than this could possibly be stated " is simply the *ipse dixit* of counsel, and avails nothing. (1.) As to the agreement alleged to have been made between plaintiff and defendant, the last, " the further, other and supplemental agree-

ment "— the new agreement supersedes and controls: "the terms of which are stated," as follows: "I hereby agree to carry out the contract for $50,000 (gross) worth of space made with you," &c., "by paying one thousand dollars cash, and giving my seven notes for the balance," &c. (2.) "That the plaintiff paid in advance," &c.,      *     *     *     "in the aggregate, the sum of $14,790.19 is, in the absence of an affirmative showing that more was paid, is conclusive that payment of the sum of $50,000 was not made. Besides, this was paid in advance; but the $1,000 was to be paid on making the new agreement, and the balance, $10,000, in seven notes. (3.) It does not appear that the $1,000 cash was any part of the $14,790.19, but by necessary implication it could not have been. So of the $10,000 in seven notes. How can it be maintained that plaintiff performed his part? (4.) The assertion that defendants "suddenly stopped," after performing the agreement in part, is unfounded. On the contrary, there is no allegation that they ever stopped at all — only that they refused, without alleging that their refusal was addressed to any person certain. (5.) Plaintiff has not shown performance on his own part, nor tender of performance; nor has he pleaded any waiver or other excuse. (6.) Part performance is not available to plaintiff as an excuse; it would not be if pleaded;· but it is not so pleaded; the matter relating to that subject being merely evidentiary. It has been distinctly and repeatedly held that part payment or other partial compliance with the terms of a contract does not operate as a waiver or excuse for the non-performance of a condition precedent (*Haden* agt. *Coleman*, 42 *N. Y. Superior Court Rep.*, 256; *Barton* agt. *Hermann*, 11 *Abb.* [*N. S.*], ·378).

In opposition,

*William H. O'Dwyer* and *Solomon Hanford*, for plaintiff.
I. The question of the sufficiency of this complaint is *res adjudicata*.
II. The complaint states a good cause of action.

Bartels agt. Cunningham.

BEACH, J. — The material amendments of the complaint relieve the question from being *res adjudicata* by the former decision, which appears to have been made upon a pleading in some respects essentially different.

The objection, based upon the absence of an averment of the performance of the condition precedent, is well taken. Upon the acceptance, by defendant, of the plaintiff's proposal, the plaintiff was required to pay the sum named and give the notes. There is no allegation, either of this having been done, or of a tender, or of any acts of the parties establishing a waiver.

The second point of the learned counsel for the plaintiff would be unanswerable, if the action was brought for the violation of the agreement therein stated. But it is founded upon the contract set forth in the complaint which is quite different in calling for the cash payment and notes immediately upon the acceptance by the defendant of the plaintiff's proposition. In view of this conclusion the other points have not been examined.

Judgment for the defendants, with leave to the plaintiff to amend upon payment of costs.